UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Docket No. 3:97CR221(EBB) |
| TERRY L. PERKINS | : | |

RULING RE: REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582

On April 30, 2008, the court issued an order denying the motion of the defendant, Terry L. Perkins ("Perkins"), for retroactive application of the sentencing guidelines for crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2). The court ruled that Perkins was not eligible for a reduced sentence because he had been sentenced to the statutory mandatory minimum term of 240 months imprisonment [docs. ##70, 71]. Perkins appealed that order. On October 22, 2008, the Second Circuit dismissed his appeal. On May 6, 2009 Perkins filed a second motion for reduction of his sentence on the ground that he is eligible for a lower sentence pursuant to Section 3582(c)(2), Amendments 706 and 715 to the Sentencing Guidelines and United States v. Kimbrough and Spears v. United States.

For the following reasons, Perkins's motion [doc. #75] is DENIED.

**FACTUAL BACKGROUND**

On March 23, 1998, Perkins pleaded guilty to one count of possession with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 841(c)(1). Previously, because Perkins had a prior felony drug conviction, the government filed a Second Offender Notice ("851 Notice") pursuant to 18 U.S.C. § 851, which provides that the enhanced penalty

provision of, *inter alia*, § 841(b)(1)(A),[1] may be imposed on a defendant with a prior felony drug conviction if the government files an information with the court stating in writing the previous conviction relied on.

After his guilty plea the USPO prepared Perkins's PSR. The PSR calculated Perkins's base offense level under U.S.S.G. § 2D1.1 at 32, based on a drug quantity of 112.78 grams of crack cocaine. Two levels were added for possession of a firearm, which resulted in a total offense level of 34. Perkins was assigned a criminal history category ("CHC") III. With a total offense level of 34 and a CHC III, Perkins's applicable guidelines range was 188 to 235 months. However, in light of the 851 Notice, Perkins was subject to the statutory minimum 240-month term of imprisonment, and because the mandatory minimum was higher than the guideline sentencing range of 188 to 235 months, the statutory minimum became Perkins's effective guideline sentence pursuant to U.S.S.G. § 5G1.1 (providing that "[w]here the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). Perkins was sentenced on March 15, 2000 to the statutory mandatory minimum term of 240 months. His sentence was ordered to run concurrent to the 10-year sentence the court imposed in a separate case (3:98cr45(EBB)) in which he was convicted of being a felon in possession of a firearm. Perkins received credit for time served from November 21, 1997.

---

[1] Under 21 U.S.C. § 841(b)(1)(A), the court is required to impose a mandatory minimum term of 240 months imprisonment on any defendant who possesses "50 grams or more of a mixture or substance . . . which contains cocaine base . . . [and] commits such a violation after a prior conviction for a felony drug offense." Coleman v. United States, 329 F.3d 77, 80 (2d Cir. 2003).

**DISCUSSION**

As the court previously ruled, Perkins does not qualify for a sentence reduction because the guideline sentence he received was not lowered by the Sentencing Commission. See United States v. Ortiz, 551 F. Supp.2d 202, 208-210 (S.D.N.Y. 2008).

A district court generally has no authority to modify a term of imprisonment once it has been imposed. United States v. Savoy, 567 F.3d 71, 72 (2d Cir. 2009); Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007). Congress has, however, given courts limited authority to modify a sentence in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o). But even in such a case, the court may only reduce a sentence if a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2); United States v. Martinez, 572 F.3d 82, 86 (2d Cir. 2009). In November 2007, pursuant to Section 3582(c)(2), the Sentencing Commission amended the crack-cocaine guidelines by revising the drug quantity table at § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007) ("Amendment 706"). Amendment 706 generally reduces the base offense levels for crack cocaine convictions under § 2D1.1(c) by two levels. The Amendment was made retroactive. Accordingly, a district court may resentence a defendant pursuant to Amendment 706 if resentencing is consistent with the Sentencing Commission's applicable policy statements.

The relevant policy statement permits a sentence reduction pursuant to Amendment 706 only if a two-level reduction in a defendant's offense level for the quantity of crack cocaine attributed to him has the effect of lowering his applicable guideline sentencing range. U.S.S.G. § 1B1.10(a). But a defendant is not entitled to a sentence reduction if the two-level reduction in

3

his offense level under Amendment 706 would not have the effect of lowering his applicable guideline range "*because of the operation of another guideline or statutory provision* (*e.g., a statutory mandatory minimum term of imprisonment*)." U.S.S.G. § 1B1.10 n.1(A) (emphasis added). This policy statement has been interpreted by the Second Circuit as mandatory and binding on sentencing courts, not advisory pursuant to Booker and its progeny. United States v. Savoy, 567 F.3d at 76. Thus, as the Second Circuit recently held, even if the court were to disagree with the policy statement it would not be free to deviate from the Second Circuit's interpretation of it as binding on district courts in this Circuit. United States v. Carr, 557 F.3d 93, 105 (2d Cir. 2009).

In other words, where, as here, a defendant was convicted of a crack cocaine offense, but received a statutory mandatory minimum term of imprisonment pursuant to the enhanced penalty provision of § 841(b)(1)(A) for second offenders, his sentence was not based on a sentencing range that was subsequently lowered by the Sentencing Commission because Amendment 706 only decreased the § 2D1.1 base offense levels for crack cocaine offenses. Where a defendant receives a statutorily imposed mandatory sentence, his sentence is not based on a guideline range that is subsequently lowered by the Sentencing Commission and Amendment 706 has no effect on his sentence. United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009). Thus, once the mandatory minimum applies, a defendant's sentence is not based on a sentencing range that was subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

Although Perkins's original crack-cocaine guideline range of 188 to 235 months calculated by reference to the § 2D1.1 offense levels would be lower by virtue of the reduced § 2D1.1 offense levels, neither the original guideline range nor the amended guideline range has

4

any bearing on Perkins's sentence because the applicable 240–month mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) "subsume[d] and displace[d]" the guideline range that would otherwise govern his crack-cocaine conviction.  United States v. Cordero, 313 F.3d 161, 166 (3rd Cir. 2002).  The fact that, but for his second offender status, his sentence would have been based on the amended crack-cocaine guideline is of no relevance for purposes of a sentence reduction under Amendment 706.  The simple fact is that Perkins was sentenced under 21 U.S.C. § 841 (b)(1)(A), which Congress has not amended and which the Sentencing Commission has no authority to alter.  See, e.g., United States v. Dimeo, 28 F.3d 240, 241 (1st Cir. 1994).

Accordingly, Perkins does not qualify for a sentence reduction under Amendment 706 because the amended offense levels of § 2D1.1 do not have the effect of lowering his mandatory 240-month sentence.  See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2).[2]

The court is not persuaded otherwise by Perkins's novel, legally unsupported argument that, pursuant to Kimbrough and Spears, the crack-cocaine quantity on which his sentence was based should be adjusted to reflect the decreased crack-to-powder cocaine ratio from 100-to-1 to 20-to-1.  Doing so, he says, would reduce the drug quantity of his conviction from 112.75 grams

---

[2]Amendment 706 was tailored to fit within the existing statutory penalty scheme by assigning base offense levels that provide guideline ranges that include the statutory mandatory minimum penalties for crack cocaine offenses.  The Amendment modified the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine offenses, base offense levels corresponding to guideline ranges that include the statutory mandatory minimum penalties.  Accordingly, pursuant to the Amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at Criminal History Category I, which includes the five-year (60 month) statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level of 30 (97 to 121 months at Criminal History Category I, which includes the ten-year (120 month) statutory minimum for such offenses). Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels.

to 22.5 grams and would result in an amended guideline sentencing range of 63 to 78 months.

Further, according to Perkins, because his drug quantity would be reduced to 22.5 grams, he would no longer be subject to the statutory mandatory minimum sentence, which only applies if a defendant is convicted of possessing 50 or more grams of cocaine base.

Perkins's argument is meritless for a number of reasons. First, Perkins misreads Kimbrough and Spears and erroneously asserts that they are retroactive. Second, Section 3582(c)(2) and the applicable policy statement do not permit a full resentencing of a defendant. And third, Perkins argument is based on an erroneous claim that the reduced crack-to-powder ratio reflected in Amendment 706 applies to reduce the weight of the crack cocaine on which a defendant's base offense level under Section 2D1.1 is calculated.[3]

The Supreme Court's decisions in Kimbrough and Spears have no bearing on Perkins's sentence or on his motion for a sentence reduction. See United States v. Guerrero, No. 91cr493-02(KMW), 2009 WL 1110555, at *2 (Apr. 23, 2009) (holding that Kimbrough does not apply to sentence reductions under Section 3582(c)(2)). In Kimbrough, the Court recognized that judges may consider the disparity between the guidelines treatment of crack and powder cocaine offenses in deciding whether to depart from the advisory sentencing guideline range for

---

[3] The Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines to address the disparities in the sentences of defendants who possess or distribute various forms of cocaine. Though not eliminating the disparity entirely, the Amendment decreased the ratio between powder and crack cocaine sentences. Whereas one gram of crack yielded an equivalent sentence to 100 grams of cocaine powder under the old Guidelines, after the Amendment a sentence based on 4.5 grams of crack is equivalent to one based on 150 grams of powder. The Amendment altered the calculation of base offense levels for offenses involving crack cocaine so that defendants convicted of crack cocaine offenses now receive a reduction of two offense levels. Put another way, the two-level reduction in the base offense level equates to a reduction of from 3 to 6 times to now a 2 to 5 times longer sentence for crack offenders compared to sentences tied to equal amounts of powder cocaine.

crack-cocaine convictions if the ratio yields a sentence greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a). Kimbrough v. United States, 552 U.S. 85 (2007). In Spears, the Court clarified the meaning of Kimbrough and stated that when initially imposing a sentence, the sentencing court is entitled to reject and vary categorically from the crack-cocaine guidelines based on a policy disagreement with those guidelines. Spears v. United States, 129 S.Ct. 840, 844 (2009). Neither case authorizes a district court to reduce a defendant's previously imposed sentence under § 3582(c). See United States v. Jackson, 303 Fed.Appx. 815, 819, n. 2 (11th Cir. 2008); see also United States v. Cherry, No. 08-14459, 2009 WL 1241623, at *5 (11th Cir. May 7, 2009). And while Kimbrough recognizes that a district court may disagree with the disparity of the crack cocaine guidelines, it does not authorize district courts to ignore mandatory minimum sentences imposed by statute. United States v. Fanfan, 558 F.3d 105, 111 n. 6 (1st Cir. 2009) (citing Kimbrough, 128 S.Ct. at 573). And neither case has retroactive effect. See United States v. Veale, No. 03cr167, 2008 WL 619176, at *3 (Mar. 3, 2008); Guerrero, 2009 WL 1110555, at *2.

Further, as previously noted, a district court generally has no authority to resentence a defendant after his original sentence is imposed. Savoy, 567 F.3d at 72. Moreover, neither Section § 3582(c)(2) nor the applicable policy statements authorize a full resentencing of a defendant. U.S.S.G. § 1B1.10(a)(3).

Finally, the 100-to-1 drug quantity ratio on which Perkins relies only relates to the guidelines penalty structure.[4] The reduced ratio reflected in Amendment 706 has no effect

---

[4]Pursuant to the Anti-Drug Abuse Act of 1986, 21 U.S.C. § 841(b)(1), there is a five-year mandatory minimum penalty for a first-time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine, and a ten-year mandatory minimum penalty for a

whatsoever on the actual quantity of crack cocaine involved in a defendant's offense of conviction.  In other words, contrary to Perkins's argument, the Amendment can not be applied to retroactively reduce the 112.75 grams of crack cocaine on which his sentence was based to 22.55 grams.

**IV. Conclusion**

For all of these reasons, as the court held in its prior ruling in this case, and as the court reasserts herein, because Perkins' s sentence was not based on a sentencing range that was lowered by Amendment 706, a reduction in his sentence would not be consistent with the Commission's policy statements and this court does not have authority to resentence him.

For the foregoing reasons, Perkins's motion pursuant to 18 U.S.C. § 3582(c)(2) [doc. # 75] is DENIED.

.       SO ORDERED.

/s/_____
ELLEN BREE BURNS
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2009 at New Haven, Connecticut

---

first-time trafficking offense involving 50 grams or more of crack cocaine, or 5,000 grams or more of powder cocaine.  Because 100 times more powder cocaine than crack cocaine is required to trigger the same mandatory minimum penalty, this penalty structure is commonly referred to as the "100-to-1 drug quantity ratio."  U.S.S.G. § 2D1.1 application note 10.